## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

BILLY G. ASEMANI, #339096        :     Civil Action No. RDB-07-1816

      Petitioner                    :

      v.                              :

ALI FALLAHIAN-KHUZESTANI, et al.     :
      and
HOJJATOL-ISLAM NAYERRI            :

      Defendants                  :

oo0Ooo

## MEMORANDUM OPINION

Billy G. Asemani, a prisoner confined at the Maryland Correctional Institution in Hagerstown, brings this *pro se* complaint under the Alien Tort Claims Act ("ATCA"), 28 U.S.C. §1350 and the Torture Victim Protection Act, ("TVPA"), 28 U.S.C. §1350. Plaintiff's Motion to Proceed in Forma Pauperis will be granted for the limited purpose of preliminary review. The Petition will be dismissed without prejudice.

## I. Factual Background

Asemani, an Iranian national and citizen, alleges that he was tortured by Defendants Ali Fallahian-Khuzestani, head of the Government of the Islamic Republic of Iran's Revolutionary Guard Corps and Hojjatol-Islam Nayerri, Chief Judge of the Islamic Revolutionary Court, because he is a member of the Baha'i faith. Asemani requests compensatory and punitive damages.

## II. Analysis

### A. Standard of Review

Federal district judges have discretion under 28 U.S.C. §1915(e)(2)(B)(ii) to screen and dismiss cases that fail to state a claim upon which relief can be granted. Absent a minimally

sufficient factual predicate, a Complaint cannot proceed.  *See Sado v. Leland Memorial Hospital*, 933 F. Supp. 490, 493 (D. Md. 1996).

### B.  Torture Victims' Protection Act

The TVPA provides a cause of action for United States citizens, as well as aliens, against "[a]n individual who, under actual or apparent authority or color of law, of any foreign nation," subjects an individual to torture or extrajudicial killing". 28 U.S.C. § 1350(2).  The statute defines torture as:

> any act, directed against an individual in the offender's custody or physical control, by which severe pain or suffering ... whether physical or mental, is intentionally inflicted on that individual for such purposes as obtaining from that individual or a third person information or a confession, punishing that individual for an action that individual or third person has committed or is suspected of having committed, intimidating or coercing that individual or a third person, or for any reason based on discrimination of any kind....

*Id*. at § 1350(3)(b)(1).  Additionally, a ten-year statute of limitations applies to TVPA.  "No action shall be maintained under this section unless it is commenced within 10 years after the cause of action arose." *Id*. at §1350(2)(c).

### C. Alien Tort Claims Act

The ATCA confers upon a district court subject matter jurisdiction when an alien sues for a tort committed in violation of the law of nations or treaty of the United States.  The Supreme Court has ruled  the ATCA  is "a jurisdictional statute creating no new causes of action...." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 725 (2004).  As the most closely analogous federal statute, the ten-year statute of limitations under the TVPA applies to claims under the ATCA.  *See Van Tu v. Koster*, 364 F.3d 1196 (10th Cir. 2004); *Papa v. United States*, 281 F.3d 1004 (9th Cir. 2002).

### D.  Grounds for Dismissal

Assuming *arguendo* that the Complaint was filed within the prescribed limitations period, Asemani neither alleges when he was in Defendants' control nor when the torture occurred. Although Asemani  has submitted reports concerning the widespread torture of  Baha'i and other religious minorities in Iran, there are no factual allegations in the Complaint specific to him. Asemani does not allege in what manner he was physically attacked or tormented.  He does not allege that he was ever taken into physical custody or incarcerated by Defendants.

In addition, the TVPA requires exhaustion of judicial remedies in the place where the underlying conduct occurred, unless there are no available remedies. *See* 28 U.S.C. § 1350 (2)(b). The Complaint does not state whether Asemani has exhausted available remedies, if any.

**III. Conclusion**

For these reasons, the Court will dismiss the Complaint without prejudice by separate Order.


July 25, 2007                                    /s/_____
Date                                                     RICHARD D. BENNETT
                                                         UNITED STATES DISTRICT JUDGE

3